United States District Court
Northern District of California

JO ANNE CHANDLER.,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Case No.: CV 12-01795 YGR (KAW)

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

(Dkt. No. 23)

    On August 8, 2012, this matter was referred to U.S. Magistrate Judge Kandis A. Westmore for discovery purposes. On February 13, 2013, Plaintiff Jo Ann Chandler filed a "Motion by Plaintiff for Clarification of Documents Requested in Discovery," which this Court construes as a motion for protective order to limit the scope of discovery. (Dkt. No. 23.)

    Plaintiff is pro se, so the Court will hold Ms. Chandler's moving papers to a less stringent standard than those filed by lawyers. Plaintiff's motion, however, is not ripe for adjudication at this time, because there is no indication that she has attempted to resolve this dispute informally with opposing counsel, as required by Civil Local Rule 37-1(a), prior to seeking court intervention. Plaintiff is directed to Chapter 17 of the U.S. District Court for the Northern District of California's Pro Se Handbook (available at: *http://cand.uscourts.gov/prosehandbook*), which addresses those steps that a party must take before seeking court intervention to resolve discovery disputes.

    Plaintiff is reminded that discovery is a part of civil litigation, and, by its very nature, is burdensome. That fact alone does not entitle a party to relief from her obligation to comply with valid requests for discovery.[1] Should Plaintiff have difficulty producing her discovery responses

---

[1] Generally, twenty (20) boxes of documents do not rise to the level of being unduly burdensome, such that the Court would grant a protective order.

by the current date they are due, she should contact opposing counsel and request an extension. Part of this "meet and confer" effort may also include identifying what types of documents the Government is seeking through discovery, as well as narrowing the scope of the Government's requests.

In light of Plaintiff's failure to attest that she has attempted to meet and confer with opposing counsel in good faith prior to filing this motion, Plaintiff's request is DENIED without prejudice, such that she may refile a motion for protective order should her attempts to meet and confer with opposing counsel be unsuccessful.

IT IS SO ORDERED.

DATE: February 19, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge